WALLACE, JUDGE:
The claimant filed this claim against the respondent for personal injuries and for damages sustained by her automobile.
On February 26, 1980, at approximately 7:50 a.m., the claimant was driving to work in her 1974 American Motors Javelin automobile on Camden Avenue, which is also W. Va. State Route 95, in Parkersburg, West Virginia. The weather was snowy and cloudy. Camden Avenue, or Route 95, is a four-lane highway maintained by the respondent. At the time of the accident the highway was slick and covered with snow.
The claimant had stopped at the stoplight at Pike Street. After the light turned green, she proceeded through the intersection, and, about 100 feet beyond the intersection, her automobile struck a manhole coveryin the right-hand, or curb, lane of the highway.
When asked why she did not see the manhole cover, she replied, “Well, the roads were still snow-covered and the plow had just gone through and plowed, and it was still snow-covered and, of course, it was hazy out and cloudy and it was still a little bit of snow falling.” She further stated that the manhole and cover were raised above the surface of the roadway; that this condition had existed as long as she had lived in the vicinity (approximately five years), and that the respondent had patched around the hole in the past, but the manhole was still above the level of the highway.
As a result of the accident, damages occurred to the automobile’s transmission, oil pan, and front suspension in the amount of $1,598.7 5, all of which was paid by the claimant’s insurance carrier, except the $100.00 deductible.
The impact threw the claimant around in her vehicle, causing her to hit the ceiling and rearview mirror. As a result, she sustained *362 injuries to the cervical area of her neck. After she was taken home, she experienced severe headaches, whereupon she went to see her doctor, Dr. F. J. Natolis, who diagnosed her injury as a whiplash. He manipulated her neck and advised her to obtain a cervical collar, which she felt unnecessary. She saw the doctor on three occasions for which he charged $24.00 for his services. The claimant stated that she was in pain for about a month, and that she was without her car for about three months while the garage attempted to get the necessary parts with which to repair it. During this time she was forced to use her husband’s truck to get to and from work.
Gilbert F. Riley, an employee of the respondent, was the operator of the grader that plowed the highway the morning of the accident. He testified that while he was plowing the snow, he suddenly noticed the manhole cover sliding in the snow. After he pushed the cover with the grader blade back to the manhole, he got out and maneuvered the cover back over the hole. He reported the incident when he returned to the garage and was informed that the accident had already occurred. In his testimony he stated that he knew the surface “was elevated to an extent, and I knew this condition existed, so approaching this, of course, I automatically feathered my blade up as I came up onto it, letting the blade drag but making sure that I had no down pressure.”
George Davis, Assistant Superintendent of Maintenance for Wood County, testified that they had had problems with the cover coming out previously and had to weld it in place, and it was necessary to weld it in place again after the accident. Since that time, the respondent has repaired the entire area, correcting the defective condition.
The record indicates that this manhole and cover were elevated above the surface of the highway. Witnesses for the respondent and the claimant knew of this prior to the accident. The claimant stated that she had driven over it on previous occasions without any problem. The grader operator attempted to replace the cover after striking it with the blade of the grader, and, apparently, he was not successful. The claimant, proceeding through the intersection without warning, struck the improperly set manhole cover, suffering damage to her automobile and injuries to herself.
The Court finds that the negligence of the respondent was the proximate cause of claimant’s personal injuries and the damages to *363 her vehicle; therefore, the Court hereby makes an award for the medical bills, insurance deductible, loss of use of the vehicle, and pain and suffering in the total amount of $1,500.00.
Award of $1,500.00